Kevin R. Anderson (4786)
Tami Gadd-Willardson (12517)
Ryan C. Cadwallader (13661)
Sarah L. Olson (14006)
OFFICE CHAPTER 13 TRUSTEE
405 South Main St., Suite 600
Salt Lake City, UT 84111
Telephone:   (801) 596-2884
Facsimile:    (801) 596-2898
Email: kratrusteemail@ch13kra.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| In re:<br><br>DAVID M. MCKAY<br>SHALECE MCKAY<br><br>Debtors. | Case No. 11-35951<br>Chapter 13<br>Hon. William T. Thurman<br>*Hearing April 27, 2015 at 10:00 a.m.* |
|---|---|

## TRUSTEE'S RESPONSE TO DEBTORS' MOTION TO SELL REAL PROPERTY AND AWARD ATTORNEY'S FEES

Kevin R. Anderson, Chapter 13 Trustee, by and through counsel, hereby responds to the above-referenced Motion as follows:

1. As of the date of this response, the Debtors are current on plan payments.

2. The Debtors' Motion to Refinance was granted January 20, 2015 (docket no. 65). The Trustee requests further information as to whether or not the refinance was successful as the Trustee never received a copy of final settlement statements, or payoff funds.

3. The motion seeks court approval to sell the real property located at 450 North 400 East, Lehi, Utah.  The details of the sale are as follows:

    a. Buyer: Gavin Cox;

    b. Purchase price: $180,000;

    c. Amount of homestead exemption to be retained: $22,989.39;

    d. Amount of non-exempt sale proceeds to be retained: N/A.

  4. The documentary evidence indicates that a portion of the sales proceeds will be used to pay a real estate commission. Unless an Affidavit of Disinterestedness and Application for Employment are filed with the Court prior to the hearing, the Trustee objects to the Motion.

  5. The Trustee requests further information as to the relation of Robert McKay as he appears as co-owner on the settlement statements. It does not appear that Shalece McKay is listed as a co-owner of the property. The Debtors should establish that Mrs. McKay has an interest in the property to retain any homestead exemption proceeds.

  6. The Trustee requests further information as to why the claim of Douglas Yates is to be paid approximately $5,500 through the closing. The Debtors scheduled debt to Mr. Yates as of the petition date was $5,000.

  7. The Debtors' Motion indicates the Debtors will pay approxiametly $5,500 towards the buyer's closing costs; however, these do not appear on the settlement statements attached to the Motion.

  8. Prior to the hearing, the Debtors should file an amended budget evidencing the ability to make ongoing plan payments and current living expenses.

  9. As soon as practicable, the Debtors should file with the Court a change of address after relocation.

  10. The Trustee shall be allowed a fee on any prepetition mortgage arrearages, taxes or other encumbrances that are paid directly by the closing agent that otherwise would have been

paid by the Trustee through the Plan. The Trustee shall be entitled to immediate payment of such fee based on the distribution to these creditors.

11. Unless a fee application is filed, the Trustee objects to an Order granting fees and costs because the Motion does not comply with 11 U.S.C. § 330 or Fed. R. Bankr. P. 2016.

12. If the Court grants the motion, the Trustee requests a copy of the settlement statement and/or closing documents within three days of the loan closing.

WHEREFORE, the Trustee objects to entry of an Order granting the relief requested in the Motion.

DATED: April 6, 2015.

/s/ Ryan C. Cadwallader
RYAN C. CADWALLADER
Attorney for Chapter 13 Trustee

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing paper was served on the following person on April 6, 2015

ROBERT A. EDER, JR
ECF Notification

/s/   M. Moses
Office of the Chapter 13 Trustee